Patrick Conway and George H. Mollan, Plaintiffs in Error, v. John Gill, Defendant in Error.

Gen. No. 34,036.

Opinion filed May 29, 1930.

WILLIAM T. PRIDMORE, for plaintiffs in error; GEORGE H. MOLLAN, *Pro Se,* of counsel.

CHARLES L. MAHONY, for defendant in error; CHARLES L. MAHONY and RICHARD D. QUINLAN, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiffs in error sue out this writ of error to reverse or to have expunged from the record a judgment of the Superior Court of Cook County entered March 5, 1929, vacating and declaring void and of no effect a judgment order of that court entered June 14, 1928. Patrick Conway sued John Gill in that court in an action in case. The declaration alleged (*inter alia*) that defendant owned and controlled a certain two-story building in Chicago and that plaintiff rented from defendant the second floor of said building; that defendant negligently and carelessly maintained the building and that certain parts of it became broken and separated from other portions of it and that while plaintiff was in the exercise of due care and caution for his own safety, by reason of the negligence of defendant the ceiling in the front room of the second floor of the premises dropped and struck plaintiff on the foot and he was thereby seriously injured. Defendant filed a plea of the general issue. There was an *ex parte* trial of the cause on June 14, 1928, before the court, with a jury, and a verdict was returned finding

defendant guilty and assessing plaintiff's damages at $2,500. On the same day judgment was entered. On January 7, 1929, defendant filed a motion in writing to vacate the judgment and to set aside the verdict on the ground that the verdict and judgment were the result of fraud and circumvention perpetrated by plaintiff upon the court. Four affidavits were filed in support of the motion. The affidavits of Loretta V. Gill and William Fox tended to prove that the testimony offered by plaintiff on the trial in respect to his alleged injuries was untrue. An affidavit of Charles L. Mahoney, the present attorney for defendant, states that he was retained by defendant January 2, 1929; that he had investigated the case and is informed and believes that plaintiff, on the trial, testified that he was injured because of plaster falling from the ceiling upon his foot or leg and that he was laid up in the house for two or three days and then went to the doctor daily for some time because of such injury and that he did not work during that time; that this testimony was material to the issue in the case and affiant caused an examination to be made concerning the facts so testified to by plaintiff and that from such investigation he believes and asserts that plaintiff was guilty of perjury and fraud, which brought about the verdict in the case. An affidavit of defendant states that about the last day of May, 1927, about a yard of plaster in the corner of the living room in the flat occupied by plaintiff fell to the floor; that plaintiff complained to him that some of his Victrola records had been broken by the plaster but that he made no mention whatever of having been injured or struck by any of the plaster; that plaintiff never complained to defendant that the plaster in said room was cracked or broken at any time during the time that he occupied the flat and that defendant never promised plaintiff "to plaster or repair the plaster;" that the day after the plaster fell plaintiff was not in his premises and the wife of the latter told defend-

ant that plaintiff was at work; that prior to the time of the alleged injury to plaintiff the latter was in arrears for his rent and defendant was compelled to take proceedings to dispossess him and that plaintiff then threatened to get even with defendant for putting him out of the premises; that when defendant was sued in the instant case he gave the summons to one Frank, an attorney, and retained him to defend the suit; that from time to time he saw said attorney and asked him concerning the case and that the latter repeatedly told defendant that it would not come up until the fall of 1928; that defendant did not know that the case was on the court calendar or had been reached for trial until an execution was served upon him by the sheriff on July 7, 1928; that he immediately went to Frank, who told him that the case would not be up until the fall and that he then showed Frank the copy of the execution and the latter advised him to pay the judgment; that he then saw Mr. Tucker, an attorney, who promised that he would make a motion to have the judgment set aside; that this attorney promised him from week to week that he would call up the motion; that on December 31, 1928, he received a notice of sale of his property for payment of the judgment; that Mr. Tucker then told him that he could do nothing for him and that he would have to settle the judgment; that he then retained Mr. Mahoney, his present attorney; that he verily believes that the plaster did not fall upon plaintiff and that he can make proof to that effect; that he verily believes that plaintiff was not injured on account of the plaster falling and that he continued to work daily at his employment until the time that defendant began proceedings to have him dispossessed of the premises. Counsel for defendant called up for disposition the said motion and at the same time requested the court to hear witnesses for the purpose of determining if perjury and fraud had been perpetrated on the court, and thereupon counsel for

plaintiff in error Patrick Conway presented a written motion to the court to deny the motion of defendant "for lack of jurisdiction in this court to entertain said motion; the judgment herein having been entered at the June, A. D. 1928, term of this court and the affidavits filed in support of said motion fail to show any ground on which this court may acquire jurisdiction of the subject matter." This motion was denied, the court holding that he had the right to entertain the motion and to determine from the evidence offered whether perjury had been committed upon the trial of the cause. Thereupon certain witnesses were sworn and gave evidence tending to prove that testimony offered by the plaintiff on the trial of the cause as to the alleged accident and injuries was false and perjured. On March 5, 1929, at the conclusion of the hearing, the court, over the objection of the plaintiff in error Conway, entered the following order: "This matter coming on to be heard upon motion made by the defendant to set aside a judgment . . . and this court having read the affidavits in support of said motion and having heard the testimony of the witnesses on behalf of the plaintiff in opposition to said motion, Finds: That the judgment entered in favor of the plaintiff and against the defendant in this case on June 14th 1928 was obtained by fraud and circumvention practiced upon the court by plaintiff, and does order that said judgment be quashed, and upon a motion for a new trial made by the defendant, the verdict entered in this case in favor of the plaintiff and against the defendant for the sum of Twenty-five Hundred ($2500) Dollars is hereby set aside and a new trial granted to the defendant, upon the ground that said verdict was obtained by fraud and circumvention practiced upon the court and the jury before whom said case was tried." Before the entry of the judgment, plaintiff in error Conway objected to the entry of the same on the ground that the court was without juris-

diction or power to set aside the judgment of June 14, 1928.

It is not disputed that the only fraud or circumvention that defendant proved or attempted to prove in support of his motion was the alleged perjury committed in behalf of plaintiff in error Conway upon the trial of the cause before the court and jury. Immediately after the entry of the judgment order plaintiff in error Conway moved the court to expunge the order from the records of the court upon the ground that the court was without jurisdiction or power to enter the same. The court overruled this motion.

Plaintiffs in error contend that the motion to vacate is in the nature of a writ of error *coram nobis* and that that writ does not lie for alleged false testimony at the trial. It is undoubtedly the law of this state that the writ of error *coram nobis* will not lie for alleged false testimony at the trial. (*The People v. Drysch,* 311 Ill. 342, 349–50.) Defendant in error concedes that this is the law, but he contends that his motion to vacate was not made under section 89 of the Practice Act and that ''courts of record possess an inherent common law power to vacate and set aside a judgment obtained by fraud or collusion, which is not dependent upon legislation,'' that ''the judge before whom the case is tried has jurisdiction of the case to inquire either upon motion, petition or *sua sponte,* whether fraud has been committed upon the court in the proceedings which led to the verdict and judgment at any time after the rendition of said judgment and is not confined to the term at which the judgment is entered,'' and that under this common law power the trial court had the right to vacate the judgment because it appeared from the evidence offered in support of the motion of defendant in error that the verdict of the jury and the judgment entered thereon were procured by perjured testimony given in the trial of the case. The general rule is that a court has power to vacate a judg-

ment at any time after the expiration of the term where the court was without jurisdiction to enter judgment, "and also that where a judgment has been obtained through fraud, such fact constitutes a sufficient reason for vacating it after the term in which it was rendered. The fraud, however, must be a fraud committed by one of the parties on the court *and not the perjury of a witness.*" (*The People v. Drysch, supra,* 348–9. Italics ours.) Defendant in error cites, in support of his contention, *City of Chicago v. Nodeck,* 202 Ill. 257, and *Nugent v. Metropolitan St. R. Co.,* 46 N. Y. App. Div. 105. Certain language in *City of Chicago v. Nodeck, supra,* upon which defendant in error relies, is fully explained in *The People v. Drysch, supra.* While it is unnecessary for us to decide whether or not *Nugent v. Metropolitan St. R. Co., supra,* sustains the contention of defendant in error, in view of the decision of our Supreme Court in *The People v. Drysch, supra,* nevertheless, we may say that the New York court announced its adherence to the general rule that a judgment will not be vacated, after term time, merely because it is based upon or procured by perjured testimony, but held, however, that the facts in that case proved that the attorney for the plaintiff, for the purpose of obtaining a verdict and judgment, inspired and manufactured perjured testimony and entered into a conspiracy with the witnesses who testified to the same, and that such conduct on the part of the plaintiff's attorney constituted a fraud upon the court.

Defendant in error contends that "the plaintiffs in error can raise the point, that the judgment was improperly set aside, only by proceeding again to trial in the case which is pending and prosecuting a writ of error from whatever judgment might be rendered on the second trial of the case." There is no merit in this contention. As the trial court was without jurisdiction or power to vacate the judgment of June 14, 1928, for alleged perjury committed on the trial of

the case, the judgment of March 5, 1929, was a void order and plaintiffs in error had the right to sue out a writ of error to set aside the same.

The judgment order of the Superior Court of Cook County entered March 5, 1929, is reversed.

*Judgment order of March 5, 1929, reversed.*

BARNES, P. J., and GRIDLEY, J., concur.